OPINION
{¶ 1} Appellant, Thomas Pierce, appeals the judgment of the Geauga County Court of Common Pleas adjudicating him a sexual predator pursuant to R.C. 2950.
 {¶ 2} On April 29, 1993, appellant was charged by way of an information with one count of rape. Appellant entered a guilty plea to the same and sentence was imposed. In 1997, upon its own motion, the trial court set this case for further hearing to determine whether appellant should be classified a sexual predator. The hearing was ultimately held on July 24, 2002. At the hearing's conclusion, the trial court issued its judgment classifying appellant a sexual predator. Appellant now appeals.
 {¶ 3} In his sole assignment of error, appellant maintains that the trial court erred in adjudicating him a sexual predator because the determination was not supported by clear and convincing evidence.
 {¶ 4} In reviewing a sexual predator determination, an appellate court utilizes the manifest weight of the evidence standard. State v.Randall (2000), 141 Ohio App.3d 160, 165. In order to determine whether a verdict is against the manifest weight of the evidence:
 {¶ 5} "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380,387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 6} At a sexual offender classification hearing, in order for the offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E) and 2950.09(B)(4). Clear and convincing evidence is, "`that measure or degree of proof which is more than a mere `preponderance of evidence,' but is not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Statev. Schiebel (1990), 55 Ohio St.3d 71, 74, quoting Cross v. Ledford
(1954), 161 Ohio St. 469.
 {¶ 7} "Instead of deciding whether the offender is particularly deserving of punishment, the issue presented to the court at a sexual offender classification hearing is whether the defendant is likely to commit future sexually oriented offenses." State v. Eppinger (2001),91 Ohio St.3d 158, 166. In deciding the likelihood of recidivism, a court must consider all relevant factors, including those listed in R.C.2950.09(B)(3). State v. Thompson (2001), 92 Ohio St.3d 584, 587. While a court is not required to enumerate those factors considered in determining that a particular defendant is a sexual predator, it, "***is required to provide a general discussion of the factors so that the substance of the determination can be properly reviewed for purposes of appeal. *** Such a discussion can be set forth on the record during the sexual offender hearing or in the court's judgment entry. ***." Randall, supra, at 165-166.
 {¶ 8} In the current matter, appellant pleaded guilty to rape on April 29, 1993. As such, appellant meets the first prong of the definition of a sexual predator in accord with R.C. 2950.09(B)(4). Appellant does not take issue with this aspect of the trial court's determination. Rather, appellant argues that the trial court erred in adjudicating him a sexual predator because there was insufficient evidence to support a finding that he would likely engage in future sexually oriented offenses.
 {¶ 9} In its judgment entry, the trial court referenced and thereby considered the factors listed in R.C. 2950.09(B)(3)(a) through (j). Although it considered each of the ten factors, several are particularly relevant. Specifically, the trial court stated:
 {¶ 10} "The Court makes the following findings of fact upon consideration of all the relevant factors, including those enumerated in R.C. 2950.09(B)(3)(a-j): ***
 {¶ 11} "(d) Whether a sexually oriented offense for which sentenceto be imposed involved multiple victims. There is only one victim for which the defendant was convicted and there was some evidence that the defendant admitted he abused his two other daughters.
 {¶ 12} "***
 {¶ 13} "(g) Any mental illness or disability of the offender. Mr. Pierce has a history of major depression which may be in remission, has a personality disorder, and pedophilia.
 {¶ 14} "(h) The nature of the offender's sexual conduct, sexualcontact, or interaction in a sexual context with the victim of thesexually oriented offense and whether that sexual conduct, sexualcontact, or interaction in a sexual context was part of a demonstratedpattern of abuse. There was a demonstrated pattern of abuse with the victim over a period of approximately three years from August 1990, to February, 1993, in which there were multiple acts reported by the victim including molestation, oral sex, and sexual intercourse.
 {¶ 15} "(I) Whether the offender during the course of a sexualoriented offense for which sentence is to be imposed used cruelty or madeone or more threats of cruelty. There was no overt cruelty such as death threats or use of weapons. However, there was implied threat of consequences due to the child's tender age.
 {¶ 16} "(j) Any additional behavior or characteristics thatcontribute to the offender's conduct. Mr. Pierce does have a personality disorder and pedophilia, reported a strong sex drive, reported he is not getting his sexual needs met. He also related that he missed his first wife (the mother of the victim) and he relates some of his sexual activity with his daughter to his relationship with her mother, his former spouse. He has been reported as being sexually inappropriate with women in the community. Although involved in a sex offender's program in prison at present, he did not begin until January, 2002, and has been in prison since June, 1993.
 {¶ 17} "The evidence is `clear and convincing' that Thomas Pierce is a sexual predator. The `low to moderate risk' conclusion of Dr. Fabian, while reasonably suggesting that Mr. Pierce is amenable to rehabilitative treatment, does not change the facts that he is a pedophile with a strong sex drive and a demonstrated predilection for young to very young girls. He has in the past, and will likely in the future, re-offend if sexually frustrated and presented with opportunity, regardless [of] any treatment he receives." (Emphasis sic.)
 {¶ 18} Appellant raises several problems with the court's evaluation. First, appellant notes that the court erred by relying on his single conviction for rape as a basis for its recidivism analysis. In essence, appellant maintains that the court erred in classifying him a sexual predator where it relied solely on the circumstances surrounding his conviction. Appellant points out that, prior to the rape to which he pleaded, he had no other sexually oriented offense convictions. However, appellant's prior criminal record is only one factor the court considered in rendering its judgment. Although the court observed the circumstances surrounding the conviction on which his sexual predator hearing was predicated, it is apparent that the conviction was not the only factor it considered. Thus, the trial court did not rely solely on appellant's underlying conviction for rape when it adjudicated him a sexual predator.
 {¶ 19} Appellant further argues that the trial court failed to state its reasons for making a finding contrary to the conclusions of the psychiatric report. We disagree. As indicated above, the trial court explicitly disclosed its reasons for labeling appellant a sexual predator. In fact, the court specifically discussed its justification in light of the Dr. Fabian's conclusion that appellant was at a "low to moderate risk" to re-offend.
 {¶ 20} In sum, we conclude that the trial court did not err in adjudicating appellant a sexual predator. Therefore, appellant's sole assignment of error is meritless and we affirm the decision of the Geauga County Court of Common Pleas.
Judgment affirmed.
DONALD R. FORD, P.J., and JUDITH A. CHRISTLEY, J., concur.